UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ERIC BENNETT,

    Petitioner,                                  Case No. 4:16-CV-11253
                                                         HON. TERRENCE G. BERG

v.

TONY TRIERWEILER,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE
THE PETITION FOR WRIT OF HABEAS CORPUS
AND ADMINISTRATIVELY CLOSING THIS CASE**

On March 28, 2016,[1] Petitioner John Eric Bennett, a state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) In his petition, Petitioner challenges his convictions for third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(b); and fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e(1)(b)(i). (*See id.*) On the same day, Petitioner also filed a motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts. (Dkt. 3.) For the reasons stated below, the Court will: (1) **GRANT** Petitioner's motion; (2) **STAY** the petition; (3) establish conditions under which he must proceed; and (4) administratively close this case.

---

[1] The habeas petition was docketed on April 1, 2016 but dated and signed by Petitioner on March 28, 2016. Under the prison mailbox rule, this Court will assume Petitioner actually filed his habeas petition on March 28, 2016. *See Towns v. U.S.*, 190 F. 3d 468, 469 (6th Cir. 1999).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2012, Petitioner was convicted under Michigan state law of two counts of 4th degree criminal sexual conduct and one count of 3rd degree criminal sexual conduct following a jury trial in the Oakland County Circuit Court. (Dkt. 1-2, p. 14.) Petitioner's conviction was affirmed on appeal in 2014. *People v. Bennett*, No. 311903, 2014 WL 2218711 (Mich. Ct. App. May 27, 2014), *lv. den.*, 497 Mich. 948, 857 N.W.2d 42 (2014).

On March 28, 2016, Petitioner filed a petition for writ of habeas corpus in federal court seeking relief on the claims that he raised in his direct appeal with the Michigan appellate courts. (Dkt. 1.) These claims include ineffective assistance of counsel, and trial court error for admitting Petitioner's post-arrest, post-*Miranda* statements allegedly obtained in violation of Petitioner's right to counsel. (*Id.* at pp. 2-3.)

Petitioner also filed a motion to hold the petition in abeyance so that he can return to the state courts to exhaust additional claims. (Dkt. 3.) These unexhausted claims include prosecutorial misconduct in violation of Petitioner's Fourteenth Amendment due process rights and two additional ineffective assistance of counsel claims. (*Id.* at pp. 4-5.)

## II. DISCUSSION

Petitioner requests that this Court stay these proceedings and hold his petition for habeas corpus relief in abeyance. A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims

2

in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra,* 236 F. 3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 Fed. App'x. 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk,* 299 F. 3d at 83); *see also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). There must be a compelling reason to prefer a dismissal over a stay. *Nowaczyk,* 299 F. 3d at 82 (internal quotation omitted); *See also Bowling,* 246 Fed. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

Accordingly, the Court will grant Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his other claims. The outright dismissal of the petition, albeit without prejudice, could result in the preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). To avoid this outcome, the United States Supreme Court has suggested that a habeas petitioner could file a "protective" habeas petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace*

*v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may therefore stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Several considerations favor holding this petition in abeyance. First, this Court has considered the consequences to Petitioner if it were to adjudicate the petition and find that relief is not warranted before the state courts ruled on Petitioner's unexhausted claims. Under those circumstances, should Petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to overcome the high bar for filing a second habeas petition. *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Second, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

With respect to the merits of Petitioner's unexhausted claims, this Court is in no position at this stage to determine whether they have any merit; thus, the Court cannot say that Petitioner's claims are "plainly meritless." If the state courts deny post-conviction relief, however, this Court would still benefit from the state courts' adjudication of these claims in determining whether to permit Petitioner to amend his petition to add these claims. *Id.*

Finally, this Court sees no prejudice to Respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two

4

proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

Even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court will impose time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

This Court will hold this petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the Michigan state courts. Petitioner must diligently pursue relief in the state courts by filing a motion for relief from judgment in the trial court within **ninety (90) days** of receiving this Court's order. To resume this case, Petitioner must file an amended petition and move this Court to lift the stay within **ninety (90) days** of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v. Brigano,* 300 F. 3d 717, 718 (6th Cir. 2002); *see also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). If Petitioner does not file an amended petition and motion to lift the stay within **ninety (90) days** of completing the exhaustion of his state court remedies, this case will remain closed.

To properly exhaust his new claims in state court, Petitioner must file a motion for relief from judgment with the Oakland County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009); *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). The trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). If Petitioner's motion for relief from judgment is denied, Petitioner will be required to appeal this denial to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust his claims. *See, e.g., Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

**IT IS HEREBY ORDERED** that Petitioner's motion to hold this petition for habeas relief in abeyance (Dkt. 3) is **GRANTED**. Accordingly, these proceedings are **STAYED** and this petition is **HELD IN ABEYANCE** while Petitioner exhausts his new claims in Michigan state court.

To exhaust his state claims, Petitioner must file a motion for relief from judgment with the Oakland County Circuit Court within **ninety days (90)** of receipt of this order.

6

If Petitioner wants to resume this case after completing the exhaustion of his new claims in state court, Petitioner must file (using the same case number already assigned to this case): (1) a motion to lift the stay showing that Petitioner complied with the terms of this order; and (2) an amended petition for habeas relief that includes all of the newly-exhausted claims that Petitioner wants to adjudicate in this Court. Petitioner must file the motion and amended petition within **ninety (90) days** of the conclusion of his state court post-conviction proceedings or this case shall remain closed.

Finally, to avoid any administrative difficulties, the Clerk of Court is **ORDERED** to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944. Upon receipt of a *timely* motion from Petitioner to lift the stay and an amended habeas petition following the exhaustion of his state court remedies, the Court may order the Clerk of Court to reopen this case for statistical purposes.

    **SO ORDERED.**

                                    s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE

Dated: April 28, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 28, 2016, using the CM/ECF system, which will send notification to each party, and was served upon unrepresented parties via postal mail.

                              By: s/A. Chubb
                                    Case Manager